**Fill in this information to identify your case:**

Debtor 1   Samuel Andrew Turner

Debtor 2   Kimberly Nichole Turner
(spouse, if filing)

U.S. Bankruptcy Court for the:   Western   District of:   Virginia
(State)

Case Number   19-62491
(if known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

**CHAPTER 13 Plan**                                                                                           12/17.

**Part 1:**   **Notices**

To Debtors: **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

To Creditors: **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

**Part 2:**   **Plan Payments and Length of Plan**

2.1   Debtor(s) will make regular payments to the trustee as follows:

$ 400  per  Monthly  for  60  months

[and $ _____ per _____ for _____ months.] *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor   Samuel Andrew Turner ; Kimberly Nichole Turner          Case Number        19-62491

**2.2**   **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☒ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):_____.

**2.3**   **Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:

**2.4**   **Additional payments.**

*Check one.*

☒ **None**. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

**2.5**   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is        **$24,000.00**

**Part 3:**   **Treatment of Secured Claims**

**3.1**   **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Vanderbilt Mortgage | 378 Stinnett Rd | $ 628.00<br>Disbursed by:<br>☐ Trustee (See paragraph 8.1)<br>☒ Debtor(s) | $1,300 (See paragraph 8.1) | 0.00% | Prorata | $ 1,300.00 |
|  |  | Disbursed by:<br>☐ Trustee (See paragraph 8.1)<br>☐ Debtor(s) | (See paragraph 8.1) |  |  |  |

Debtor  Samuel Andrew Turner ; Kimberly Nichole Turner     Case Number     19-62491

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None**. If "*None*" is checked, the rest of § 3.2 need not be completed or reproduced.

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Estimated amount of creditor's total claim | Collateral | Value of Collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to Creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Loan Max | $ 900.00 | 2000 Chevy Suburban | $ 870.00 | N/A | $ 870.00 | 6.00% | 16.82/mos for 60 mos. (See paragraph 8.1) | $ 1,009.20 |
|  |  |  |  |  |  |  | (See paragraph 8.1) |  |

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| H&K Rentals | 10x10 Shed | $ 1,732.00 | 6.00% | $33.48/ mos for 60 mos.(See paragraph 8.1)<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $ 2,009.00 |
| Westlake Financial Services | 2013 Ford Escape | $ 8,569.00 | 6.00% | $77.00/mos for 9 mos, then $154.48/mos for 59 mos.(See paragraph 8.1)<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $ 9,807.32 |
| Fast Auto Loans | 1996 Ford F150 | $ 1,200.00 | 6.00% | $23.20/ mos for 60 mos.(See paragraph 8.1)<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $ 1,392.00 |

Debtor   Samuel Andrew Turner ; Kimberly Nichole Turner     Case Number     19-62491

**3.4  Lien avoidance.**
*Check one.*

☒ **None**. If "*None* " is checked, the rest of § 3.4 need not be completed or reproduced.

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| **Information regarding judicial lien or security interest** | **Calculation of lien avoidance** | **Treatment of remaining secured claim** |
|---|---|---|
| **Name of Creditor** | a. Amount of lien | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | |
| **Collateral** | c. Value of claimed exemptions    + | **Interest rate** (if applicable) |
| | d. Total of adding lines a, b, and c     $             - | |
| **Lien Identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor(s)' interest in property             - | **Monthly payment on secured claim** |
| Judgment date: | | |
| Book and page number: | f. Subtract line e from line d.     $             - | **Estimated total payments on secured claim** |
| Date of lien recording: | | |

Extent of exemption impairment
*(Check applicable box):*

☐ **Line f is equal to or greater than line a.**
The entire lien is avoided. *(Do not complete the next column.)*

☐ **Line f is less than line a.**
A portion of the lien is avoided. *(Complete the next column.)*

**3.5  Surrender of collateral**

*Check one.*

☒ **None**. If "*None* " is checked, the rest of § 3.5 need not be completed or reproduced.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of Creditor** | **Collateral** |
|---|---|
| | |
| | |

Debtor   Samuel Andrew Turner ; Kimberly Nichole Turner          Case Number          19-62491

**Part 4:**   **Treatment of Fees and Priority Claims**

4.1   **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2   **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be  10%  of plan payments; and during the plan term, they are estimated to total  $ 2,400.00

4.3   **Attorney's fees**
The balance of the fees owed to the attorney for the debtor(s) is estimated to be   $ 4,000.00   (See paragraph 8.1)

4.4   **Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*
☐ **None**. If "*None*" is checked, the rest of § 4.4 need not be completed or reproduced.
☒ The debtor(s) estimate the total amount of other priority claims to be  $ 431.49

4.5   **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**
*Check one.*
☒ **None**. If "*None*" is checked, the rest of § 4.5 need not be completed or reproduced.
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months* ; see 11 U.S.C. § 1322(a)(4).

| **Name of creditor** | **Amount of claim to be paid** |
|---|---|
|  |  |
|  |  |

**Part 5:**   **Treatment of Nonpriority Unsecured Claims**

5.1   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

☐   The sum of _____
☒   13%  of the total amount of these claims, an estimated payment of   $ 1,650.99
☒   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximate  $0.00
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

Debtor   Samuel Andrew Turner ; Kimberly Nichole Turner        Case Number        19-62491

**5.2**  **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
|  |  |  |  |
|  | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) |  |  |
|  | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) |  |  |

**5.3**  **Other separately classified nonpriority unsecured claims. Check one.**

☒ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
|  | (See Paragraph 8.1(G)) |  |  |  |
|  | (See Paragraph 8.1(G)) |  |  |  |

---

**Part 6:**  **Executory Contracts and Unexpired Leases**

**6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed items**. Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

Debtor  Samuel Andrew Turner ;Kimberly Nichole Turner        Case Number        19-62491

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Hometown Rentals | Sofa set, Stove, Dryer | $ 254.00<br>Disbursed by:<br>☐ Trustee<br>☒ Debtor(s) | N/A | N/A | N/A |
|  |  | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) |  |  |  |

## Part 7:  Vesting of Property of the Estate

**7.1   Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☒  plan confirmation.

☐  entry of discharge.

☐  other: _____

## Part 8:  Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**

☐ **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

**A.  Treatment and Payment of Claims:**

• The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**B.  Date Debtor(s) to Resume Regular Direct Payments to Creditors that are being Paid Arrearages by the Trustee under Paragraph 3.1 and 6.1:**

| Creditor | Month Debtor to Resume Regular Direct Payments |
|---|---|
| Vanderbilt Mortgage | December 2019 |
|  |  |
|  |  |

Debtor   Samuel Andrew Turner ;Kimberly Nichole Turner          Case Number          19-62491

### C. Other:

• **NOTE REGARDING PART 3.5 (SURRENDER OF COLLATERAL):**  Any unsecured proof of claim for a claim of deficiency that results from the surrender and liquidation of collateral noted in Part 3.5 of this Plan must be filed by the earlier of the following or such claim shall be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan providing for the surrender of said collateral, (2) within the time period for the filing of an unsecured deficiency claim as established by any Order granting relief from the automatic stay with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.

• **NOTE REGARDING PART 3.1: POST-PETITION MORTGAGE FEES:**  Any fees, expenses, or charges accruing on claims set forth in paragraph 3.1 or 8.1 of this Plan which are noticed to the debtor pursuant to Bankruptcy Rule 3002.1(c) shall not require modification of the debtor's plan to pay them. Instead, any such fees, expenses, or charges shall, if allowed, be payable by the debtor outside the Plan unless the debtor chooses to modify the plan to provide for them.

•  **NOTE REGARDING PART 3.1: POST PETITION AUTO DRAFTS:** Any bank or financial institution or lender to which the debtor has previously consented to auto draft payments from his or her bank account, is expressly authorized to keep such auto-draft in place and to deduct post-petition payments from the debtor's bank account if such payments are required to be paid directly by the debtor(s) under the terms of this plan. Such a deduction will not be viewed as a violation of the automatic stay. The automatic stay is modified to permit the noteholder or servicing agent on any secured debts being paid by the debtors to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

• **NOTE REGARDING PARTS 3.2 AND 3.3 [ADEQUATE PROTECTION PAYMENTS:** The debtors propose to make adequate protection payments other than as provided in Local Rule 4001-2. Unless otherwise provided herein, the monthly payment amounts listed in Parts 3.2 and 3.3 of this Chapter 13 Plan will be paid as adequate protection beginning prior to confirmation to the holders of allowed secured claims.

• **NOTE REGARDING TREATMENT AND PAYMENT OF CLAIMS:**
--All creditors must timely file a proof of claim to receive any payment from the Trustee.
--If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
--If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
--The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

### D. Debtor(s)' Attorney's Fees:

Out of the total fee of  $    4,000.00 , the amount of      $      4,000.00  in Debtor(s)' attorney's fees shall be paid by the Chapter 13 Trustee, broken down as follows:

(i)  $         4,000.00  : Fees to be approved, or already approved, by the Court at initial plan confirmation;

(ii) _____ : Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmated modified plan;

(iii) _____ : Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.

### E. Trustee to make contract payments and cure arrears, if any:

☒ N/A

☐ Pursuant to Part 3.1, the Trustee shall pay the designated post-petition mortgage payments through the plan.  These mortgage payments shall be classified and paid as follows:

Debtor   Samuel Andrew Turner ; Kimberly Nichole Turner         Case Number         19-62491

(1)   Pre-petition Arrears:  The prepetition arrears are $_____.

(2)   GAP Payments: The first three post-petition mortgage payments shall be disbursed pro-rata by the Trustee as post-petition arrears, including late fees, in the approximate amount of $_____, for the months of _____ through and including _____.

(3)   Other Post-petition Arrears:  The following additional post-petition default shall be cured and disbursed by the Trustee, approximately, $_____, for the months of _____ through and including _____.

(4)   Ongoing Payments: The regular post-petition mortgage payments shall be disbursed by the Trustee beginning with the mortgage payment month of _____, and continuing for approximately _____ months; the total number of such payments to be made by the Trustee will usually equal the number of monthly plan payments being made by the Debtor(s) to the Trustee, unless the plan pays off early.

(5)   Disbursement of ongoing post-petition mortgage payments from the Chapter 13 Trustee may not begin until an allowed claim on behalf of the mortgagee has been filed.   At the completion of the term of the plan, it is predicted that the Debtor(s) shall resume monthly mortgage payments directly pursuant to the terms of the mortgage contract beginning with the payment due in (month), (year).

F.  **Student Loan IDR Plan Provisions**

☐ **N/A**

☒ **Enrollment into Income Driven Repayment During Chapter 13 Plan**

**Eligibility to Enroll in IDR Plan During Bankruptcy**. The Debtor shall not be disqualified due to this bankruptcy filing or the pending bankruptcy case from participation in any income-driven repayment ("IDR") plan for student loan debt or any nonbankruptcy option for getting out of default for which Debtor would otherwise be qualified. The Debtor shall request a plan modification upon any enrollment in an IDR plan. In the absence of a plan modification, the plan provides for the Debtor's student loan debt under the applicable provisions of Part 5 or as otherwise stated in any nonstandard provisions in Part 8.

**Dischargeability of Student Loan Debt.** This plan does not provide for the discharge of any portion of the Debtor's federal student loan debt(s) under title 11, but it does not preclude a determination of dischargeability in an adversary proceeding.

**Waiver of Automatic Stay.** The Debtor expressly waives the application of the automatic stay under §362(a) as to all communications concerning enrollment or participation in an IDR plan as to all loan servicing and administrative actions concerning an IDR plan to the extent necessary to effectuate this Chapter 13 plan.

G.  **Continuation of Existing Income Driven Repayment Agreements**

☐  **N/A**

☒  **Continuation of IDR Plan During Bankruptcy.**

The plan provides in Paragraph 5 for the debtor to maintain income-driven repayment ("IDR") plan payments for student loan debt. The Debtor shall not be disqualified due to this bankruptcy filing or the pending bankruptcy case from participation in any IDR plan for which Debtor would otherwise be qualified.

**Annual Certification and Payment Adjustment.** The Debtor shall annually certify (or as otherwise required by the student loan lender or servicer) the Debtor's income and family size to the extent required by the IDR plan.

**Dischargeability of Student Loan Debt.** This plan does not provide for the discharge of any portion of the Debtor's federal student loan debt(s) under title 11, but it does not preclude a determination of dischargeability in an aversary proceeding.

**Waiver of Automatic Stay.**  The Debtor expressly waives the application of the automatic stay under §362(a) as to all communications concerning the IDR plan and as to all loan servicing and administrative actions concerning the IDR plan to the extent necessary to effectuate this Chapter 13 plan.

Debtor   Samuel Andrew Turner  ; Kimberly Nichole Turner          Case Number          19-62491

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

**X**  /s/Samuel Andrew Turner                            **X**  /s/Kimberly Nichole Turner
Signature of Debtor 1                                     Signature of Debtor 2

Executed on      11/1/2019                                Executed on      11/1/2019
              MM/ DD/ YYYY                                              MM/ DD/ YYYY

**X**  /s/ Janice Hansen                                  Date         11/1/2019
Signature of Attorney for Debtor(s)                                  MM/ DD/ YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

**Exhibit: Total Amount of Estimated Trustee Payments**

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total) | $ 1,300.00 |
| b. | **Modified secured claims** (Part 3, Section 3.2 total) | $ 1,009.20 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total) | $ 13,208.32 |
| d. | **Judicial liens or security interests partially avoide**d (Part 3, Section 3.4 total) | $ - |
| e. | **Fees and priority claims** (Part 4 total) | $ 6,831.49 |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1, highest stated amount) | $ 1,650.99 |
| g. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.2 total) | $ - |
| h. | **Separately classified unsecured claims** (Part 5, Section 5.3 total) | $ - |
| i. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total) | $ - |
| j. | **Nonstandard payments** (Part 8, total) | + $ - |
| | **Total of lines a through j** | $ 24,000.00 |